**David Todd INMAN, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 02–1759.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, and GILMAN, Circuit Judges.

*ORDER*

David Todd Inman appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to exhaust available administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Inman filed his complaint in the district court alleging that the defendant individual prison medical staff members were deliberately indifferent to his serious medical needs that arose from back and neck injuries he suffered in an automobile accident before his incarceration. Plaintiff sought declaratory and injunctive relief and money damages. The district court dismissed the complaint sua sponte for failure to exhaust available administrative remedies. Plaintiff filed a timely notice of appeal. In his brief on appeal, plaintiff contends that he adequately pursued administrative remedies through the prison grievance process. In addition, plaintiff has filed a motion for an injunction pending appeal pursuant to Fed. R.App. P. 8.

Upon de novo review, *see Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997), we affirm the judgment for the reasons stated by the district court in its opinion dated June 5, 2002. Essentially, neither of the grievances appended to plaintiff's complaint was adequate to notify prison officials to the problems upon which his civil rights claims are based. *See Curry,* 249 F.3d at 515; *Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for an injunction pending appeal is denied as moot.